**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JANET RIZZO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-03-00425 |
| § | |
| WYETH, INC., f/k/a AMERICAN § | |
| HOME PRODUCTS, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

This is a pharmaceutical products-liability case arising out of Wyeth, Inc.'s testing, marketing, labeling, and selling of hormone-replacement therapy medications. Wyeth has moved for partial consolidation before a single district judge of all the hormone-therapy products-liability cases remanded to the Southern District of Texas from the multidistrict litigation proceedings. The purpose of the partial consolidation is to permit coordinated scheduling and discovery. The motion is filed in this case because it is identified as the lowest numbered of the remanded cases. The other cases that have been remanded to date are identified as *Spaw v. Wyeth*, No. 4:10-CV-00480; *Kelly v. Wyeth Inc.*, No. 4:03-CV-4874; *Foster v. Wyeth*, No. 4:04-CV-02552; *Hernandez v. Wyeth, Pharmaceuticals, Inc.*, No. 3:10-CV-00054; *Kent v. Wyeth Inc.*, No. 3:03-CV-00549; *Jordan v. Wyeth, LLC*, No. 3:10-CV-00033; *Wolf v. Wyeth Inc.*, 3:03-CV-00536; and *Zhan v. Wyeth Pharmaceuticals, Inc.*, No. 3:10-CV-00051. (Docket Entry No. 16). Rizzo responded, (Docket Entry No. 20), and Wyeth replied, (Docket Entry No. 25). Rizzo also responded on behalf of two other affected plaintiffs. (Docket Entry Nos. 22, 24).

In 2003, the Judicial Panel for Multidistrict Litigation transferred this case and similar cases filed around the country to the Eastern District of Arkansas for pretrial proceedings. Following common fact discovery, resolution of common *Daubert* issues, limited case-specific discovery, and three bellwether trials, this case and others were remanded to the transferor courts in April 2010 for completion of discovery and trial. (Docket Entry No. 9).

Wyeth has moved for partial consolidation of the nine hormone-therapy products-liability cases pending in this district before a single judge and for an order directing that the hormone-therapy products-liability cases that the MDL will remand be assigned to that judge. (Docket Entry No. 16 at 3). Wyeth contends that the partial consolidation will allow "a comprehensive case management system to deal with these cases as efficiently, economically and fairly as possible without overwhelming the parties or the Court." (*Id.* at 4). The asserted purpose is to devise a "template for discovery" in a uniform scheduling order and discovery control plan. (Docket Entry No. 25 at 4). Rizzo responds that partial consolidation would be "unworkable" in part because cases will continue to be remanded from the MDL court over an extended period. (Docket Entry No. 20 at 7). Rizzo also argues that the remaining discovery is case-specific, focusing on specific causation and damages; does not involve common witnesses or parties; and would result in prejudicial delay to plaintiffs who have already been waiting for extended periods. (*Id.* at 8).

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The district court has broad discretion in determining whether two or more actions have common questions of law and fact and whether to consolidate. *Mills v. Beech*

*Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989). However, "[c]onsolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). A court considers whether: (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law or fact; (4) there is risk of prejudice or confusion if the cases are consolidated, and if so, the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are handled separately; and (5) consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, Nos. H-01-3624, H-04-0088, H-04-0087, H-03-5528, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007). The court also considers whether the cases are at different stages of preparation. *Mills*, 886 F.2d at 762 ("Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial.").

These actions are pending before different judges throughout the Southern District of Texas. Each case has different plaintiffs, most represented by different lawyers, and with many different health-care providers. The cases are at different stages of pretrial preparation; some are close to trial, others have more extensive discovery remaining. The focus of the remaining discovery is not on common issues, such as general causation, but on individual issues, such as specific causation and damages. In its arguments opposing consolidation for trial for some of the remanded cases (as opposed to partial consolidation for discovery) Wyeth acknowledges that "[e]ach of these plaintiffs took different combinations of hormone therapy drugs (some manufactured by these Defendants, but others may have been made by non-parties) for different amounts of time, were prescribed the drugs by different physicians for different purposes, had varying awareness of the risk of breast cancer

3

before starting therapy, and had different risk factors for cancer." (Docket Entry No. 16 at 4). Common discovery was taken in the MDL court. The remaining discovery is focused on the plaintiffs' spouses and prescribing and treating physicians, and case-specific experts. (*Id.* at 8).

Partial consolidation of the cases for the remaining pretrial discovery is neither necessary nor advantageous. Depositions of the individual plaintiffs and their family members and of the different doctors and other health-care providers will have to be separately arranged. The individual variations in the amount, type, and sources of discovery remaining in each case; the fact that the cases will be remanded from the MDL at different times; and the fact that many of the cases are at different stages of pretrial preparation make it impractical to craft a uniform scheduling and docket control order. It is unclear that a specific discovery sequence is appropriate for discovery in the different cases, given the variations among them. With a reasonable amount of cooperation, the lawyers in the different cases can use similar scheduling orders and discovery plans, adapting them to the varying circumstances of specific cases. Wyeth has not explained how partial consolidation would significantly reduce the time or cost of completing discovery.

The MDL process imposed centralized management on these cases up to this point. That process generally contemplates individual-case management on remand. The case for continuing centralized case-management after the cases are remanded to the separate transferor courts has not been made. Wyeth's motion for partial consolidation is denied.

SIGNED on June 28, 2010, at Houston, Texas.

                                                        Lee H. Rosenthal
                                                United States District Judge